IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM SPITHALER et al | ) | CASE NO. 4:18CV 1361 |
| | ) | JUDGE BENITA Y. PEARSON |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | PLAINTIFFS' RESPONSE TO |
| | ) | ORDER TO SHOW CAUSE |
| RANDY SMITH et al | ) | |
| | ) | |
| | ) | |
| Defendants | ) | |

**The Sanction of Dismissal is Not Warranted.**

Plaintiffs' first response to this Honorable Court show cause order is that the extreme sanction of dismissal is not justified. To dismiss this case as a discovery sanction this Honorable Court must find that four factors exist. Those four preconditions to dismissal are:

1. bad faith or willfulness;

2. prejudice;

3. prior notice that dismissal could occur; and

4. availability of less drastic sanctions.

*Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005); *Benkowski v. Scene Magazine*, 637 F.3d 689, 697 (6th Cir. 2011)  Plaintiffs respectfully submit that there is no evidence to support the existence of any of the above four factors in this case.

A discovery violation is "willful" "whenever there is a conscious and intentional failure to comply with the court order." *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)  The only discovery related order this Honorable Court has entered in this lawsuit is the September 18, 2018 Case Management Order.  In that Case Management Order, this Honorable Court set a fact discovery cut off of February 4, 2019.  Plaintiffs have endeavored in good faith to comply with that order.  Plaintiffs discovery activities included:

1. Responding to interrogatories submitted to each plaintiff (copies of each of those two sets of interrogatory responses are attached to this response as Exhibit A and B);

2. Responding to a request for production of documents and delivering in excess of six hundred documents to defendants (a copy of plaintiffs' response to the document request is attached hereto as Exhibit C); and

3. Making a second delivery of responsive documents bring the total of documents delivered to defendants to in excess of seven hundred documents.

Plaintiffs have acted in good faith in attempting to find mutually agreeable dates for depositions.  Attached hereto as collective Exhibit D is correspondence between plaintiffs and defendants relating to scheduling of depositions.  Attached hereto as Exhibit E is a copy of plaintiffs' counsel's calendar for the month of January 2019.  The combination of the holiday season and the number of previously set events in January 2019 inhibited plaintiffs' counsel's

ability to schedule depositions prior to February 4, 2019. Whatever the reason that depositions were not taken prior to February 4, 2019, that reason was not any "conscious or intentional" failure by plaintiffs or plaintiff's counsel to appear at a deposition. Plaintiffs did not refuse to attend a regularly scheduled deposition on February 4, 2019. Plaintiffs' correspondence with defendants shows that plaintiffs notified defendants, well before February 4, 2019 of a conflict (Exhibit D). Plaintiffs' correspondence with defendants also shows that the parties continued to seek a mutually convenient date for depositions after plaintiffs made defendants aware of the February 4, 2019 conflict.Plaintiffs recognize their responsibility to be deposed. Plaintiffs are willing, notwithstanding the denial of any formal discovery extension to voluntarily appear to be deposed by defendants.

This Honorable Court has not imposed any discovery sanctions in this case. Dismissal should not be the first sanction used. The only warning to plaintiff that this Honorable Court is considering the sanction of dismissal is the show cause order entered on February 6, 2019. Like the "willfulness" prerequisite, the prior sanction and warning preconditions to dismissing this case are not present. The final factor is prejudice. Plaintiffs' position on prejudice is twofold. First, as stated above, plaintiffs will present themselves to be deposed whether or not this Honorable Court sets a new discovery cutoff. If defendants avail themselves of plaintiffs' willingness to be deposed there will not be any prejudice.

Second, plaintiffs question whether defendants will be sufficiently prejudiced to warrant dismissal even if defendants could not depose plaintiffs. As to liability there is little, if any, dispute as to the facts. Plaintiffs believe that the parties can stipulate the facts necessary to decide whether defendants have violated plaintiffs' constitutional rights. Plaintiffs claim that

3

defendants have instituted a two tier permitting system that violates the equal protection clauses of the Fifth and Fourteenth Amendments of the United States Constitution. There should be no disagreement as to the fact that plaintiffs are required to obtain permits to operate on Trumbull County roads. It is also beyond doubt the permits that defendants require plaintiffs to obtain cost Two Thousand Dollars ($2000.00) per year and the permits defendants require other haulers to obtain cost Fifty Dollars ($50.00) per year.

To prevail on their equal protection claim, plaintiffs need to establish they were treated differently than others who were similarly situated and defendants did not have any rational basis for the difference. *Doe v. Miami University*, 882 F.3d 579, 595 (6th Cir. 2018) That defendants charged plaintiffs more for a permit that defendants charged other haulers is clear from official records. No discovery is needed to discern whether plaintiffs can establish that fact. The remaining issues "similarity" and "rational basis" are matters for the defendants to assert. If depositions are prohibited in this case it is plaintiffs not defendants who suffer the greater disadvantage.

Plaintiffs also allege a First Amendment retaliation claim. To establish the right to recover for alleged First Amendment retaliation plaintiffs here must show that (1) they engaged in constitutionally protected activity; (2) they were injured in a way likely to deter a person of ordinary firmness from participating in protected activity; and (3) the adverse action was motivated at least in part by plaintiff's protected activity. *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365 (6th Cir. 2011). There is no dispute that plaintiffs' directed public records requests to defendants. Whether making a public records request is a "constitutionally protected activity" is a matter of law which can be resolved without plaintiffs' having been

deposed.  Subsequent to plaintiffs' public records requests defendants posted Davis Peck Road. The posting of Davis Peck Road and the date on which Davis Peck Road was posted do not require any discovery by defendants.  Defendants possess all of the facts relevant to the posting of Davis Peck Road.

Whether there is a causal relationship between the posting of Davis Peck Road and the public records requests is another legal question.  It is plaintiffs who would need to seek discovery on that issue.  Defendants already know why they made the decision to post Davis Peck Road.  The last liability element of plaintiff's First Amendment retaliation case is whether defendants can show that they would have posted Davis Peck Road even if plaintiffs had not made public record requests.  *Guindon v. Township of Dundee, Michigan*, 488 Fed. Appx. 27 (6th Cir. 2012)  Defendants more than plaintiffs possess the facts necessary to make that final liability showing.  If no depositions are taken it is plaintiffs who are placed at the greater disadvantage.  As to liability on the First Amendment retaliation claim plaintiffs respectfully submit that the defendants have not suffered nearly the degree of prejudice to warrant dismissal as a first discovery sanction.

The foregoing analysis is not meant to imply that defendants are not entitled to depose plaintiffs.  The foregoing is meant to show that even if defendants have not taken plaintiffs' depositions the potential prejudice to them is not sufficient to warrant dismissal as a first discovery sanction.  Plaintiffs have shown that none of the four prerequisites to dismissing this case due to discovery issues is present.  Further, imposing the sanction of dismissal would violate the principle of proportionality.  In selecting a sanction authorized by Rule 37, Federal Rules of Civil Procedure, a court does not have unfettered discretion.

"the sanction selected must be one that a reasonable jurist, apprised of all the circumstances, would have chosen as proportionate to the infraction."  ***In re Joseph H. Golant***,239 F.3d 931, 937 (7th Cir. 2001)

The Sixth Circuit Court of Appeals (citing cases decided by the Seventh Circuit Court of Appeals) has explicitly adopted the proportionality rule.  See ***Dickenson v. Cardiac and Thoracic Surgery of Eastern Tennessee***, 388 F.3d 976 (6th Cir. 2004)

The four factors cited by plaintiffs, *supra. p 1-2,* are connected the concept of proportionality.  Situations in which those four factors do not appear are cases where the sanction of dismissal would be disproportionately harsh.  Plaintiffs have shown that those four factors are not present here.  Plaintiffs have shown cause why this case should not be dismissed.

**Depriving Plaintiffs of the Right to Produce Evidence Would be Disproportionate to the Infraction.**

Plaintiffs respectfully submit that for the reasons discussed on pages 3-5 above there is a limited amount of information relating to liability that defendants could obtain from plaintiffs' deposition, and given the fact that plaintiffs are still available to be deposed defendants can avoid prejudice altogether.  Also, as noted above plaintiffs recognize and accept that this Honorable Court would be justified in barring plaintiffs from conducting further discovery even if defendants were permitted to depose plaintiffs.  A sanction precluding plaintiffs from doing any

6

further discovery while permitting defendants to complete their discovery could be proportional in light of the circumstances of this case. Plaintiffs have shown cause why they should not be prevented from presenting any evidence as this case proceeds.

**Defendants did not Incur any Attorney Fees Because Plaintiffs Have not Been Deposed.**

This Honorable Court's order states that plaintiffs did not appear for a deposition scheduled for February 4, 2019. In fact, counsel were in contact as early as January 24, 2019 regarding plaintiffs' inability to be deposed on that date. (Exhibit A). Plaintiffs did not willfully fail to appear for that deposition. In fact, as late as February 4, 2019 counsel continued to seek a mutually agreeable deposition date. The affidavit of David Engler, Esq. is attached. Attorney Engler's affidavit details his interactions with defenses counsel regarding the possibility of holding a deposition on February 4, 2019. Notably, Attorney Engler specific discussed the problem with a February 4, 2019 deposition in the January 30, 2019 teleconference with Magistrate Judge Limbert. Defendants should have revealed those discussions before this Honorable Court. Plaintiff believe that the discussion of a February 4, 2019 deposition date with Magistrate Judge Limbert on February 4, 2019 is highly significant to the possible attorney fee sanction as well as the other sanctions noted by the Honorable Court in it February 6, 2019 show cause order. Defendants did not or should not have incurred any attorney fees proximately caused by plaintiffs' willful and knowing failure to participate in discovery.

**Conclusion.**

For all of the reasons set forth herein, plaintiffs have shown cause why they should not be subject to the sanctions of attorney fees, exclusion of evidence, and/or dismissal.

Respectfully submitted,

*s/ David L. Engler*
DAVID L. ENGLER (0030264)
181 Elm Road, N.E.
Warren, Ohio  44483
Telephone:     (330) 729-9777
Facsimile:     (330) 758-9585
Email: davidengler@davidengler.com
Attorney for Plaintiffs

CERTIFICATE OF SERVICE

The foregoing Plaintiffs' Response to Order to Show Cause was filed electronically through the ECF system on the 12th day of February 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

*s/David L. Engler*
David L. Engler
Attorney for Plaintiffs