PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| WILLIAM SPITHALER, *et al.*, | ) |
| Plaintiffs, | ) CASE NO. 4:18CV1361 |
| v. | ) JUDGE BENITA Y. PEARSON |
| RANDY SMITH, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF Nos. 33, 34, 35, 42] |

Pending are Defendants' motions for summary judgment (ECF No. 33), to extend time to file factual stipulations (ECF No. 34), to establish certain facts as a result of Plaintiffs' discovery noncompliance (ECF No. 35),[1] and to strike the affidavit of Bradley Perkins (ECF No. 42), attached to Plaintiffs' brief in opposition to summary judgment. Plaintiffs responded in opposition to summary judgment (ECF No. 39), and Defendants replied (ECF No. 40). The Court has been advised, having reviewed the parties' briefs, the record, and the applicable law. For the reasons stated herein, the motions for summary judgment and to extend time for factual stipulations are granted, and the motions to establish facts and to strike the Perkins affidavit are denied as unnecessary.

---

[1] Defendants ask the Court to take as established that Plaintiff William Spithaler did not suffer a loss of income as a result of the denial of his hauling permit application. ECF No. 35. Because the Court does not reach the question of damages, Defendants' motion is unnecessary and it is, therefore, denied.

## I. Background[2]

According to a recently updated local regulatory program, there are several types of hauling permits in Trumbull County, Ohio. ECF No. 33-2 at PageID#: 679-80, ¶¶ 2-3. Two permit types are relevant to this matter: (1) a continuing-operator permit, issued to persons whose operations are based on "load-posted" roads, costs $500 per 90 days; and (2) an annual-supplier permit, issued to persons whose operations are not based on "load-posted" roads, costs $50 per year. *Id.* at PageID#: 680, ¶¶ 4-5. A "load-posted" status indicates that a given road has a limited weight-bearing capacity, and the higher permit cost for "continuing operators" accounts for the increased wear and tear that results from frequent, heavy hauling on such a road. *Id.*, ¶ 6. Not all roads within in the Trumbull County Engineer's jurisdiction are load-tested. "The funds available . . . for load-testing are not unlimited . . . . Checking load-bearing capacity of [a] permit applicant's [business] location can be part of discretionary due diligence in reviewing special hauling permit applications." *Id.* at PageID#: 680-81, ¶¶ 8-9. "The County Engineer's office receives and evaluates special hauling permit applications and, if recommended for approval, forwards them to the Board of County Commissioners for final approval." ECF No. 36 at PageID#: 689, ¶¶ 3-4.

Plaintiffs William and Beth Spithaler haul logs and operate hardwood, firewood, and smoking-wood businesses out of their shared residence on Davis-Peck Road. *See id.* at PageID#: 690, ¶¶ 6-7. "On March 9, 2018, Mr. Spithaler presented himself at the Trumbull County

---

[2] Facts are narrated in the light most favorable to Plaintiffs, the nonmoving parties. Because Plaintiffs attached scant meaningful evidence to their opposition brief, however, almost all the evidence submitted by Defendants is essentially uncontroverted.

(4:18CV1361)

Engineer's office and inquired about the special hauling permit program. He was invited by one of the employees to inspect the permit application files, and he left with nearly 400 pages of copied results." *Id.* at PageID#: 689-90, ¶ 5. Four days later, on March 13, 2018, William Spithaler applied for a 365-day, $50-per-year annual-supplier hauling permit for his business on Davis-Peck Road. *Id.* at PageID#: 690, ¶ 7. According to Randy Smith's affidavit, "[a] maintenance supervisor in my office had previously observed conditions of disrepair on Davis-Peck Road, so, when Mr. Spithaler's application was made, it was decided that the road should be load-tested."[3] ECF No. 33-2 at PageID#: 681, ¶ 9.

The Spithalers promptly were made aware of the County Engineer's office's decision to conduct a load-bearing evaluation, and they were informed that William Spithaler's permit application would be held in abeyance while the load-bearing evaluation took place. ECF No. 36 at PageID#: 690, ¶ 9. After being so informed, on March 22, 2018, Beth Spithaler applied for an annual-supplier ($50 per year) permit for her business, located at the same address on Davis-Peck Road. *Id.*, ¶ 11. That permit application was apparently also held in abeyance pending the results of the load-bearing assessment.

---

[3] In their brief in opposition to summary judgment, Plaintiffs express some conclusory disagreement with this factual assertion. ECF No. 39 at PageID#: 720 ("Although Smith insists that Davis-Peck Road was posted because of its deteriorating condition, there is evidence that the real reason for posting Davis-Peck Road was to punish the Spithalers for engaging in First Amendment protected activities."). Plaintiffs cite no corresponding evidence, however, nor do they suggest any reason that Randy Smith's statement should be doubted. Accordingly, the Court perceives that Randy Smith's attestation is uncontroverted for purposes of assessing the pending summary-judgment motion. *See* Fed. R. Civ. P. 56(c)(1).

(4:18CV1361)

Following the load-bearing evaluation, Davis-Peck Road was posted with a 10-ton weight limit, thereby making an annual-supplier hauling permit inappropriate for the Spithalers' businesses located on that road. *Id.*, ¶ 13. The County Engineer's office shared the results with the Spithalers on June 13, 2018. *Id.* Plaintiffs do not contest the scientific validity or the accuracy of the results of the load-bearing evaluation. *See id.*, ¶ 12; ECF No. 39 at PageID#: 718. Plaintiffs did not subsequently apply for continuing-operator permits for their Davis-Peck Road businesses; instead, they initiated this litigation and have apparently conducted no hauling from or to the Davis-Peck property since the corresponding permit applications were denied. ECF No. 33-2 at PageID#: 681-82, ¶¶ 12-13; *see* ECF No. 1. William Spithaler applied for and obtained an annual-supplier hauling permit for a business operated elsewhere in Trumbull County, on State Route 193. ECF No. 36 at PageID#: 690, ¶ 14-15. State Route 193 is not load-posted. *Id.*; ECF No. 33-2 at PageID#: 681, ¶ 12.

In their Complaint, Plaintiffs allege that Randy Smith, in his individual and official capacities as the Trumbull County Engineer, and Trumbull County violated Plaintiffs' federal constitutional rights to equal protection of law and free expression when they load-tested Davis-Peck Road and subsequently denied Plaintiffs' annual-supplier permit applications. ECF No. 1.

Plaintiffs present scant evidence that would be admissible at trial. *See* Fed. R. Civ. P. 56(c)(2). They conducted no depositions, and they did not attach to their briefing an affidavit or declaration from William or Beth Spithaler. Instead, they attached an affidavit from nonparty Bradley J. Perkins, the Executive Director of the Ohio Forestry Association, in which Mr. Perkins shares his lay opinions about the hauling permit system in Trumbull County and his

4

(4:18CV1361)

personal interactions with individuals in the County Engineer's office.[4] ECF No. 39-1. They also attached exhibits corresponding to that affidavit. *Id.*

## II. Standard of Review

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Johnson v. Karnes*, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." *Guarino v. Brookfield Twp. Trustees.*, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely on its pleadings; rather, it must "produce evidence that results in a conflict of material fact" to be

---

[4] Defendants lodge myriad objections and move to strike the Perkins affidavit. ECF No. 42. If a brief or affidavit refers to matters the court should not consider (such as inadmissible evidence), while the court is free to exercise its discretion, the usual recourse is for the court simply to disregard those matters, not to strike them. *Lombard v. MCI Telecomm. Corp.*, 13 F. Supp. 2d 621, 625 (N.D. Ohio 1998) (citing *State Mut. Life Assurance Co. of Am. v. Deer Creek Park*, 612 F.2d 259, 264 (6th Cir. 1979)). To the extent the content of the Perkins affidavit is irrelevant or otherwise inadmissible, the Court will not consider it. The motion to strike (ECF No. 42) is denied as unnecessary.

(4:18CV1361)

resolved by the factfinder. *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). To defeat the motion, the non-moving party must "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." *Guarino*, 980 F.2d at 403. In reviewing a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

"The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986)). The fact under dispute must be "material," and the dispute itself must be "genuine." A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Scott*, 550 U.S. at 380. In determining whether a factual issue is "genuine," the Court assesses whether the evidence is such that a reasonable factfinder could find that the non-moving party is entitled to a verdict. *Id.*

### III. Law and Analysis

Plaintiffs do not seek injunctive relief. Rather, they seek damages pursuant to 42 U.S.C. § 1983 against Randy Smith in his individual and official capacities and against Trumbull County itself. ECF No. 1.

Plaintiffs also make vague allegations that Defendants have violated the Ohio Constitution. *See, e.g.*, *Id.* at PageID#: 5 ("Smith has violated rights to equal protection under the law secured to Mr. Spithaler . . . by provisions of the Constitution of the State of Ohio.").

6

(4:18CV1361)

Neither the Complaint (ECF No. 1) nor Plaintiffs' response in opposition to summary judgment (ECF No. 39) advances any legal theory according to which a plaintiff can recover damages for violations of state constitutional provisions. To the extent any such allegations were well pleaded in the Complaint, Plaintiffs have since abandoned those claims by failing to respond to Defendants' arguments in opposition. ECF No. 33 at PageID#: 668-70; *Brown v. VHS of Michigan, Inc.*, F. App'x 368, 372 (6th Cir. 2013) (citing *Hicks v. Concorde Career Coll.*, 449 F. App'x 484, 487 (6th Cir. 2011)). Claims based on allegations of state constitutional violations are therefore dismissed.

### A. Individual-Capacity Claims

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). An individual-capacity defendant cannot be held vicariously liable for the wrongs of another in an action under § 1983.

Counts One, Two, Four, and Five of the Complaint assert that Randy Smith, in his individual capacity, infringed Plaintiffs' constitutional rights to equal protection and free expression when Plaintiffs' hauling permits were denied. Plaintiffs marshal no evidence, however, that Defendant Randy Smith had any personal involvement in the denial of Plaintiffs' hauling-permit applications. The parties stipulate that neither William nor Beth Spithaler "know[s] what, if any, personal involvement the County Engineer [Randy Smith] had in connection with his applications for special hauling permits. ECF No. 36 at PageID#: 690-91, ¶¶ 17-18. Plaintiffs do not rebut Randy Smith's sworn statements that "Steve Gerberry and Jack

(4:18CV1361)

Simon are the point people in my office for the special hauling permit program," and "[a] maintenance supervisor in my office" suggested or initiated the load-bearing evaluation on Davis-Peck Road. *See* ECF No. 33-2 at PageID#: 679, 681. The only evidence in the record of any personal interaction between William Spithaler and Randy Smith comes from an email stating, "Mr. Spithaler seems to have a personal agenda when it comes to Engineer Smith. Following a verbal confrontation during the summer of 2017, Engineer Smith filed a police report to document the incident." ECF No. 39-1 at PageID#: 766.

Plaintiffs supply no evidence that Randy Smith individually sought to deny their federal constitutional right to equal protection of the law or free expression, and they concede they have no knowledge on the topic. Summary judgment is, therefore, granted as to Plaintiffs' individual-capacity claims against Randy Smith.

**B. Official-Capacity and Municipal-Liability Claims**

Counts Three and Six of Plaintiffs' Complaint allege liability as to Randy Smith in his official capacity and as to Trumbull County for the constitutional violations alleged in the other Counts. Specifically, Plaintiffs allege that Randy Smith and Trumbull County violated the Fourteenth Amendment right to equal protection and the First Amendment right to free expression when Plaintiffs' special hauling permit applications were denied. ECF No. 1. Claims against Randy Smith in his official capacity are construed as claims against Trumbull County, the government entity in interest. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).

To sustain an action under § 1983 against a local government entity, a plaintiff must show that his injury was inflicted by the execution of an "official policy" attributable to the county or

8

(4:18CV1361)

municipality. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978). "A plaintiff attempting to establish municipal liability pursuant to Section 1983 may demonstrate three categories of 'official policy': (1) an express policy or custom of the municipality; (2) a final policymaker's conduct; or (3) the municipality's failure to train employees." *Young v. Mahoning Cty., Ohio*, 418 F. Supp. 2d 948, 956 (N.D. Ohio 2005) (citing *Bd. of Cty. Comm'rs of Bryan Cty., Okla. v. Brown*, 520 U.S. 397, 397-98 (1997)).

Plaintiffs theorize that Randy Smith is a "final policymaker," and his office's decision to conduct a load-bearing evaluation of Davis-Peck Road (and consequently deny Plaintiffs' annual-supplier permit applications) was "attributable to the municipality" for purposes of liability under § 1983. *Young*, 418 F. Supp. 2d at 956 (citing *Monell*, 436 U.S. at 694).

### 1. Fourteenth Amendment: Equal Protection

Plaintiffs allege, in essence, that they are a "class of one," and that they were deprived of equal protection of the law when Davis-Peck Road was load-tested and their hauling permit applications were denied. *See* ECF No. 1 (Counts One and Four, in particular ¶¶ 7 and 19). "[I]n order to establish a cause of action under the equal protection clause based on a 'class of one,' the plaintiffs must demonstrate that they are the victims of 'intentional and arbitrary discrimination,' *i.e.*, 'that [they have] been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.'" *Young*, 418 F. Supp. 2d at 958 (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564-65 (2000)).

Plaintiffs acknowledge that the formal reason for denying the hauling permits was that Plaintiffs conducted their business on a load-posted road, but they insist that the given reason is

9

(4:18CV1361)

"pretextual" given that the decision to conduct a load-bearing evaluation did not occur until after the Spithalers applied for their hauling permits.[5] ECF No. 39 at PageID#: 720. It is not surprising, however, that the County Engineer's office conducted a load-bearing evaluation *after* William Spithaler submitted his permit application. Plaintiffs suggest no reason that the County Engineer's office should have conducted an evaluation beforehand.[6] Randy Smith attests, and Plaintiffs do not dispute, that a load-bearing evaluation "can be part of discretionary due diligence in reviewing special hauling permit applications." ECF No. 33-2 at PageID#: 681. Plaintiffs posit that, "[a]lthough Smith insists that Davis-Peck Road was posted because of its deteriorating condition, there is evidence that the real reason for posting Davis-Peck Road was to punish the Spithalers . . . ." ECF No. 39 at PageID#: 720. They cite, however, to no corresponding evidence, and the Court has observed none.

Plaintiffs show no evidence that it was arbitrary or inappropriate to conduct a load-bearing evaluation in response to William Spithaler's hauling permit application. They do not suggest that the results of the load-bearing evaluation were manipulated or otherwise inaccurate. Plaintiffs advance no evidence to sustain their official-capacity Fourteenth Amendment claim

---

[5] The premise is inaccurate as it pertains to Beth Spithaler. The County Engineer's Office contracted with a private firm to conduct a load-bearing evaluation on Davis-Peck road shortly after William Spithaler submitted his hauling permit application on March 13, 2018. ECF No. 36 at PageID#: 690, ¶¶ 7-9. Beth Spithaler applied for a hauling permit on March 22, 2018. *Id.*, ¶ 11.

[6] "The funds available to [the County Engineer's] office for load-testing are not unlimited . . . ." ECF No. 33-2 at PageID#: 680, ¶ 8. This statement is uncontroverted.

10

(4:18CV1361)

against Defendant Randy Smith and Trumbull County. There is no genuine dispute of material fact, and summary judgment is therefore granted for Defendants as to those claims.

### 2. First Amendment: Retaliation

To establish a *prima facie* case of official-capacity or municipal First Amendment retaliation, a plaintiff must show that (1) he engaged in protected speech or conduct; (2) the relevant public official[7] took an adverse action which would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by that protected speech or conduct. See *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999); *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000). Plaintiffs in this case allege that the load-bearing evaluation and eventual permit denials were done as a punishment for William Spithaler's public-records request or requests. See ECF No. 1 (Counts Two and Five); ECF No. 39 at PageID#: 720.

As described above, there is no evidence in the record suggesting the load-bearing evaluation or eventual permit denials were infected with a retaliatory motive. Rather, uncontroverted evidence demonstrates that the load-bearing evaluation was done as a matter of due diligence in response to a special hauling permit application, and the annual-supplier permit

---

[7] "A court's task is to identify those who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the violation at issue." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 784-85 (1997); *Keenan v. Tejeda*, 290 F.3d 252, 262-63 (5th Cir. 2002) (applying the "final policymaking authority" theory of liability to an allegation of First Amendment retaliation). It is unnecessary to reach the question whether the County Engineer's office "speak[s] with final policymaking authority" for Trumbull County because a different element of a First Amendment retaliation claim is not met.

11

(4:18CV1361)

denials were issued as a result of the 10-ton load post on Davis-Peck Road. There is evidence in the record of Defendants' legitimate motive in load-testing, and there is no evidence in the record to the contrary. ECF No. 33-2 at PageID#: 681.

In their Complaint, Plaintiffs allege that the Engineer's office's counsel "stated that it found the content and frequency of Mr. Spithaler's requests for information pursuant to the Ohio Public Records Law to be 'troubling.'" ECF No. 1 at PageID#: 3. That characterization is misleading when taken out of context. On March 30, 2018, the County Engineer's office's counsel wrote an email to Bradley Perkins in response to a press interview given by William Spithaler. The email stated that "Mr. Spithaler seems to have a personal agenda when it comes to Engineer Smith. Following a verbal confrontation during the summer of 2017, Engineer Smith filed a police report to document the incident. . . . [T]he content and frequency of Mr. Spithaler's current and past communications are troubling." ECF No. 39-1 at PageID#: 766. William Spithaler's "current and past communications" are "troubling," the defense implies, because they suggest harassment of Randy Smith and include allegedly false statements to the press. No reasonable trier of fact could infer from that email that the decision to load-test Davis-Peck Road was a punishment for William Spithaler's public-records requests.

Plaintiffs' official-capacity or municipal allegation of First Amendment retaliation is unsupported by evidence. Ultimately, Plaintiffs have not shown that there is doubt as to material facts and that the record, taken as a whole, does not lead to a judgment for Defendants as to those claims.

(4:18CV1361)

## IV.  Conclusion

For the reasons stated in this Order, Defendants' motions for summary judgment ([ECF No. 33](#)) and to extend time to file stipulations ([ECF No. 34](#)) are granted, and their motions to establish facts ([ECF No. 35](#)) and to strike the Perkins affidavit ([ECF No. 42](#)) are denied as unnecessary.  A judgment entry shall issue.

IT IS SO ORDERED.

| | |
|---|---|
|   May 9, 2019 | */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |